IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 16, 2003 Session

## STATE OF TENNESSEE v. DAVID I. TUCKER

**Appeal from the Circuit Court for Cannon County**
**No. F98-21     Don Ash, Judge**

---

### No. M2002-02602-CCA-R3-CD - Filed January 23, 2004

---

The Appellant, David I. Tucker, appeals the dismissal of his petition requesting DNA analysis pursuant to the Post-Conviction DNA Analysis Act.  After review, we find no error and affirm the judgment of the Cannon County Circuit Court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Ben Hall McFarlin, Burger Siskin, Scott, Goad & McFarlin, Murfreesboro, Tennessee, for the Appellant, David I. Tucker.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; P. Robin Dixon, Jr., Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

The Appellant's petition alleges that, on March 12, 1999, he entered a "best interest" guilty plea to one count of rape of a child and, under the terms of the negotiated plea agreement, received a twelve-year sentence in the Department of Correction.  On July 2, 2002, the Appellant filed the instant petition requesting forensic DNA analysis as allowed by the Post-Conviction DNA Analysis Act of 2001.  He acknowledges that DNA analysis was conducted on biological specimens previously obtained from him.  He alleges, however, that he was not informed of the results prior to entering his plea.  In answer to the petition, the State asserts that Appellant's trial counsel was

provided a copy of the DNA test results.[1]  Moreover, the State asserts that the Appellant admitted to law enforcement officials that he had sexual intercourse with the victim.[2]  The Appellant's petition was dismissed on October 1, 2002, with this appeal following.

## Analysis

The Post-Conviction DNA Analysis Act of 2001 provides, in pertinent part, that "a person convicted of and sentenced for the commission of . . . rape of a child . . . may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." Tenn. Code Ann. § 40-30-303 (2003).  After notice to the prosecution and an opportunity to respond, the Act requires a court to order DNA analysis if the court finds that:

 (1) [a] reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis; (2) [t]he evidence is still in existence and in such a condition that DNA analysis may be conducted; (3) [t]he evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and (4) [t]he application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.  Tenn. Code. Ann. § 40-30-304 (2003).  Under Tennessee Code Annotated Section 40-30-305(1) (2003), the trial court is given the discretion to order DNA analysis upon a finding that "[a] reasonable probability exists that analysis of the evidence will produce DNA results which would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction." However, before ordering DNA analysis under this section, the trial court is still

---

[1]The record of the trial proceedings includes a Serology and DNA Report from the Forensic Services Crime Laboratory of the Tennessee Bureau of Investigation dated January 27, 1998, which contains the following information:

Based on these results, the DNA profile from the sperm (male) fraction matched Exhibit #70035251, David Tucker, for these loci: D2S44, D1S7, D4S139, and D5S110.  Locus D10S28 was inconclusive.

The probability of selecting an unrelated individual at random having a matching DNA profile from:

The Caucasian population is approximately 1 in 20 million.  The Black population is approximately 1 in 30 million.

The report also states that a blood sample and anal swabs from the victim and a blood sample from the Appellant would be destroyed after 60 days.

[2]The Appellant's statement to the investigating officers was also introduced at the trial level and is included in the record.

required to find that the same factors contained in Tennessee Code Annotated Sections 40-30-304 (2)-(4) are satisfied. There is no statute of limitations applicable under this Act. Tenn. Code Ann. § 40-30-303.

"The failure to meet any of the qualifying criteria is, of course, fatal to the action." *William D. Buford v. State*, No. M2002-02180-CCA-R3-PC (Tenn. Crim. App. at Nashville, Apr. 24, 2003). The trial court is under no obligation to conduct a hearing or to order DNA analysis of evidence unless it finds that each of the four statutory requirements have been satisfied. Thus, a finding that any one of the criteria is not met will preclude relief under the Act.

The trial court dismissed the Appellant's petition upon grounds that:

1.      The defendant had results of the DNA analysis and in fact part of the test was favorable to the defendant, and this was made aware to the defendant prior to the guilty plea.

2.      The statement that the defendant gave to the police w[h]ere the defendant admitted to this crime.

3.      There was a previous DNA analysis performed and the defendant is not entitled to an independent DNA analysis.

Based upon these findings, we conclude that the trial court properly denied the Appellant's petition. Clearly it was not error for the trial court to consider the fact that the Appellant made an incriminating statement to the police as well as pled guilty to the crime. *See Mark A. Mitchell v. State*, No. M2002-01500-CCA-R3-PC (Tenn. Crim. App. at Nashville, Apr. 11, 2003). A determination of the evidence and surrounding circumstances is necessary to evaluate whether exculpatory results would have prevented prosecution or conviction or would have resulted in a more favorable verdict or sentence. Moreover, as the trial court found, and as the Appellant himself acknowledged, prior DNA testing had been conducted from evidence gathered. For these reasons, we conclude that the Appellant's claims on appeal are without merit.

**CONCLUSION**

Based upon the foregoing, we affirm the Cannon County Circuit Court's dismissal of the Appellant's post-conviction petition for DNA analysis.

_____
DAVID G. HAYES, JUDGE